RENDERED: FEBRUARY 2, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1480-MR

LARRY WAYNE MILLER                                      APPELLANT

v.            APPEAL FROM BULLITT CIRCUIT COURT
HONORABLE MONICA K. MEREDITH, JUDGE
ACTION NO. 19-CI-00586

SARAH ASHLEY SMITH                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, GOODWINE, AND LAMBERT, JUDGES.

COMBS, JUDGE: This is an appeal from a decision of the Bullitt Family Court modifying parenting time. Finding no error after our review, we affirm.

Appellant, Larry Wayne Miller (Father), and Appellee, Sarah Ashley Smith (Mother), are the parents of a child, G.D.M., born on January 19, 2018. The parties were never married. Mother lives in Barren County, Kentucky. Father lives in Bullitt County, Kentucky.

Pursuant to an Agreed Order of Judgment entered on October 23, 2019, the parties share joint custody. According to the parenting schedule, each parent shared custody of the children on alternating weeks. The Agreed Order also provided that Mother "is not to allow the child around Cody Brewington at any time. NO ONE is allowed to have Cody Brewington around the child at any time." (Emphasis original.)

On May 2, 2022, Father filed a motion to modify parenting time. His accompanying affidavit recites that when the child starts preschool in the Fall, it will be impossible to continue the current week on/week off schedule. Father requested that child reside primarily with him and visit Mother every other weekend when the child starts school. Father averred that it was his understanding that Mother routinely leaves the child and her half-siblings "with their maternal grandparents for days at a time during her parenting time." When she leaves the children with her parents, Mother goes to Cody Brewington's home. Father averred that it was very troubling to him that Mother continued a relationship with Brewington in light of the no contact order. Father also expressed concerns that Mother had made a suicide threat and averred that he was fearful for her mental state"; he also requested that Mother submit to a drug screen due to her allegedly erratic behavior.

By calendar Order entered on May 17, 2022, the family court ordered the parties to submit to a hair or keratin drug screen within 72 hours at Father's cost, "with the caveat that [Mother] shall reimburse [Father] for her test if the screen is positive for any controlled substance." The court directed the parties to research the rankings of public schools based upon their respective residences -- as well as private schools if they were a possible consideration. The court advised that the parties could use online research tools to conduct this research.

On June 2, 2022, Mother, by counsel, filed notice of compliance with the court-ordered drug screen. She explained that she had provided a sample to the lab on May 17, 2022, but that Father had not paid for the testing as of May 31, 2022.

The court heard Father's motion on July 18, 2022. On October 17, 2022, the court entered an Order modifying parenting time as follows in relevant part:

> This matter is before the Court on [Father's] Motion to Modify the parenting time schedule such that he is designated the primary residential custodian and [Mother] has parenting time every other weekend. In the affidavit in support of his Motion [Father] stated that he makes this request because the child is approaching school age and the geographic distance between the parties' residences will make the current week on/week off schedule impossible. . . .

The family court explained that the primary focus of the evidence presented at hearing was the difference in schools the child will attend based upon where her residence would be. The court found as follows:

> While [Father] alleged in his affidavit that the child was abandoned by [Mother] in favor of her paramour, [Father] presented no evidence to that effect and the Court wholly discounts the allegation. [Father] also alleged suicidal ideations on the part of [Mother] but presented no evidence in support of that allegation. If [Father] actually believed that [Mother] was suicidal and he failed to act in the moment that such belief was formed based on the information upon which he was relying[,] the Court questions [Father's] judgment with regard to the best interest of the child the parties share. The Court concludes that [Father] exaggerated the issue in hopes that the mere assertion would sway the Courts [*sic*] decision on the substantive issue.

The court further explained that:

> [Father] is correct that the child cannot continue on a week on/week off schedule once she begins school. [T]he child will not be five (5) until January 2023 and thus will not start kindergarten until the fall of 2023.
>
> [Mother] resides with her parents and her two other children (half-siblings to the child in question in this action). The two older siblings attend school in Barren County. The parties' child (G.M.) would attend Austin Tracy Elementary and according to the rankings from greatschools.org presented by [Mother] that elementary school has far better rankings than does Shepherdsville Elementary which is the public school the child would attend if she attended public school based on [Father's] residence.

[Father] avers that he would enroll the child at Little Flock Christian Academy. He provides no comparative analysis. Further the Court finds that [Father] is not a credible source of information. The Court bases this finding on the unfounded averments in his supporting affidavit, his failure to follow through on paying for the drug screen HE requested be performed on [Mother], and his generally hyperbolic approach to vilifying [Mother]. The Court is not confident that the Petitioner would actually enroll the child in Little Flock.

The family court found that according to Father's testimony, if the child lived with him, she would reside in his home and that no one else lives there. The court found that Mother's parents provide childcare when she is at work if the children are not at school and that the child shares a bedroom with her older sister. The court noted that Father had not participated in or supported the child's pageant activities and offered no evidence that he engages the child in any sports or social activities. The court further found that having regular and substantial contact with her siblings is an important element of the child's life. It also found that to disrupt that relationship by shifting to the schedule that Father proposes is not in the child's best interest and is not supported by the evidence he presented.

The family court ordered that when the child reaches enrollment age for a full-time pre-K program or Kindergarten, "the parenting time schedule shall shift to the child's primarily residing with [Mother] . . . . Holiday parenting time shall be controlled by the school calendar and holiday parenting time schedule found in the local family court rules." When school recesses for summer break,

-5-

the court ordered that Father shall have the child for the first two weeks, Mother the next one week, and that this pattern continue until the last week before school resumes.

On October 27, 2022, Father filed a motion to alter, amend, or vacate. Father submitted that the court either "discounted or forgot much of the evidence presented." Alternatively, Father requested that the court reconsider the order regarding parenting time and explained that the only specific provision in the court's order related to parenting time during holiday and school breaks. Father requested "at least every other weekend parenting time. The distance between the parties is just over one hour. This distance is manageable for every other weekend transportation of the child."

By calendar Order entered November 9, 2022, the trial court ruled that Father's "Motion to Vacate is DENIED." (Emphasis original.) The court disagreed "pointedly with [Father's] interpretation of the evidence taken by the Court and [held that] with the following detailed correction the decision stands." The court ordered that in addition to the holiday parenting time and the summer break schedule, Father "shall have every other weekend each month from Friday afternoon/evening to Sunday afternoon (no later than 6:00 p.m.)."

Father appeals. As explained in *Pennington v. Marcum*, 266 S.W.3d 759, 769 (Ky. 2008), where "visitation/timesharing modification is sought, the

specific language of KRS[1] 403.320(3) controls, which allows modification of visitation/timesharing 'whenever modification would serve the best interests of the child[.]'" It continued: "[e]very case will present its own unique facts, and . . . modification of visitation/timesharing must be decided in the sound discretion of the trial court." *Id.*

Father's first argument is that the Order modifying parenting time was not based on substantial evidence. He contends that the family court abused its discretion by "discounting" the evidence. Father essentially reargues his case before us. The family court **did not discount** the evidence. After meticulous analysis, it simply did not believe that Father was a credible witness. "Deciding which witness to believe is within the sound discretion of the family court as fact-finder; we will not second-guess the family court, which had the opportunity to observe the parties and assess their credibility. CR[2] 52.01." *Hunter v. Mena*, 302 S.W.3d 93, 98 (Ky. App. 2010). We find no error.

Next, Father argues that the family court placed an unreasonable restriction on his parenting time -- *i.e.*, presumably the schedule for sharing every other weekend during the school year. However, in his October 27, 2022, motion to alter, amend, or vacate, Father had requested "[i]n the alternative . . . at least

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

every other weekend parenting time. . . . The distance is manageable for every other weekend transportation of the child." The court granted that very request. "[A] party cannot ask a trial court to do something and, when the court does it, complain on appeal that the court erred." *Tackett v. Commonwealth*, 445 S.W.3d 20, 29 (Ky. 2014). This argument fails on its face.

We affirm the thorough and well reasoned Order of the Bullitt Family Court.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Tammy R. Baker<br>Shepherdsville, Kentucky | Elizabeth McConahy Jenkins<br>Christine Shannon Shiffman<br>Louisville, Kentucky |